IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SANTANDER CONSUMER USA, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, KEVIN LAWSON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, SANTANDER CONSUMER USA, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KEVIN LAWSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orland Park, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Citi Financial (hereinafter, "Citi").

6. The debt that Plaintiff allegedly owed Citi was for an automobile loan, the funds of which were used to acquire a vehicle for the personal use of Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. SANTANDER CONSUMER USA, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14. Plaintiff allegedly incurred a debt with Citi prior to October 2008.

15. In or around May 2008, Plaintiff defaulted on the loan relative to the debt he allegedly owed to Citi.

16. In or around October 2008, the vehicle that Plaintiff had obtained through the financing he obtained from Citi was repossessed.

17. In or before October 2008, Plaintiff defaulted on the loan relative to the debt he allegedly owed to Citi.

18. Upon information and belief, in or around October 2008, the debt that Plaintiff allegedly owed to Citi was charged off.

19. Upon information and belief, subsequent to October 2008, the debt Plaintiff allegedly owed to Citi was sent to a third-party for collections.

20. Upon information and belief, subsequent to October 2008, the debt Plaintiff allegedly owed to Citi was acquired by Defendant.

21. Prior to the aforesaid debt having been acquired by Defendant, the debt on which Defendant was attempting to collect from Plaintiff was in default.

22. Prior to the aforesaid debt having been acquired by Defendant for collections, the debt on which Defendant was attempting to collect from Plaintiff had, upon information and belief, been charged off.

23. In or around May, 2011, Defendant initiated a telephone call to Plaintiff and engaged in a telephone conversation with Plaintiff.

24. During the course of the aforesaid telephone conversation, Defendant informed Plaintiff that he owed a debt to Citi.

25. Plaintiff advised Defendant that he refused to pay the debt on which Defendant was attempting to collect.

26. On or about August 22, 2011 and on or about August 29, 2011, Defendant initiated telephone calls to Plaintiff and engaged in telephone conversations with Plaintiff.

27. During the course of the aforesaid telephone conversations, Defendant informed Plaintiff that he owed a debt.

28. During the course of the aforesaid telephone conversations, Plaintiff reiterated to Defendant that he refused to pay the debt on which it was attempting to collect.

29. On or about September 5, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message in an attempt to collect a debt he allegedly owed.

30. On or about September 13, 2011, Plaintiff sent a correspondence to Defendant. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

31. Upon information and belief, Defendant received the aforesaid correspondence.

32. Upon information and belief, Defendant received the aforesaid correspondence on or prior to September 19, 2011.

33. Upon information and belief, Defendant received the aforesaid correspondence on or prior to October 3, 2011.

34. Upon information and belief, Defendant received the aforesaid correspondence on or prior to October 17, 2011.

35. In the aforesaid correspondence Plaintiff sent to Defendant, Plaintiff stated he was writing to provide Defendant with a notice of his refusal to pay the debt on which Defendant was attempting to collect.

36. In the aforesaid correspondence Plaintiff sent to Defendant, Plaintiff further stated "I refuse to pay this debt."

37. On or about September 19, 2011, despite Defendant having received written correspondence from Plaintiff, wherein Plaintiff informed Defendant that he refused to pay the debt on which Defendant was attempting to collect, Defendant initiated a telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

38. On or about September 19, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message in a further attempt to collect the debt he allegedly owed.

39. On or about October 3, 2011, despite Defendant having received written correspondence from Plaintiff, wherein Plaintiff informed Defendant that he refused to pay the debt on which Defendant was attempting to collect, Defendant initiated a telephone call to Plaintiff in an attempt to collect the debt he allegedly owed.

40. On or about October 3, 2011, Defendant initiated a telephone call to Plaintiff and engaged in a telephone conversation with Plaintiff.

41. During the course of the aforesaid telephone conversation, Defendant's duly authorized representative never provided Plaintiff with information relative to her individual identity.

42. During the course of the aforesaid telephone conversation, Plaintiff informed Defendant that he had sent Defendant a correspondence requesting that Defendant cease communicating with him.

43. Plaintiff further informed Defendant that he had retained an attorney.

44. Plaintiff provided Defendant with his attorney's name.

45. Defendant responded by informed Plaintiff that his attorney should have informed Plaintiff that he was responsible for paying his debts and that he should pay the debt he owed to Citi.

46. Plaintiff then asked Defendant's duly authorized representative for her name.

47. Defendant's duly authorized representative refused to provide Plaintiff with her name.

48. Defendant again informed Plaintiff that he owed a debt and asked Plaintiff if he was going to pay the debt.

49. Plaintiff, again, informed Defendant that he refused to pay the debt he allegedly owed.

50. On or about October 3, 2011, Plaintiff sent another correspondence to Defendant. (See a true and exact copy of said correspondence attached hereto as **Exhibit B**).

51. Upon information and belief, Defendant received the aforesaid correspondence.

52. Upon information and belief, Defendant received the aforesaid correspondence on or prior to October 17, 2011.

53. Upon information and belief, Defendant received the aforesaid correspondence on or prior to October 17, 2011.

54. In the aforesaid correspondence Plaintiff sent to Defendant, Plaintiff, again, stated he was writing to provide Defendant with a notice of his refusal to pay the debt on which Defendant was attempting to collect.

55. In the aforesaid correspondence Plaintiff sent to Defendant, Plaintiff, again, stated "I refuse to pay this debt."

56. On or about October 17, 2011, despite Defendant having received multiple written letters from Plaintiff wherein Plaintiff informed Defendant that he refused to pay the debt on which Defendant was attempting to collect, Defendant initiated a telephone call to Plaintiff in a further attempt to collect the debt he allegedly owed.

57. On or about October 17, 2011, Defendant initiated a telephone call to Plaintiff and engaged in a telephone conversation with Plaintiff.

58. During the course of the aforesaid telephone conversation, Plaintiff apprised Defendant that he was represented by an attorney.

59. Plaintiff, again, provided Defendant with the name of his attorney.

60. Defendant's duly authorized representative informed Plaintiff that it would not contact Plaintiff's attorney.

61. Defendant's duly authorized representative informed Plaintiff that it would continue to call Plaintiff.

62. During the course of its telephone calls with Plaintiff, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

63. During at least one voicemail message Defendant left for Plaintiff, as delineated above, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

64. In its attempts to collect the debt allegedly owed by Plaintiff to Citi, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and

  said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

 b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

 c. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

 d. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

 e. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

 f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

 g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

 h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

65. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

66. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEVIN LAWSON, by and through his attorneys, respectfully prays for judgment as follows:

      a.      All actual compensatory damages suffered;

      b.      Statutory damages of $1,000.00;

      c.      Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KEVIN LAWSON**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: December 6, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:   dmarco@smithlaw.us